UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CODUS J. MCKARR,

                                                             Case No. 15-12843

                    Plaintiff,

v.                                                           Paul D. Borman
                                                             United States District Judge


FOURMIDALE MANAGEMENT, ET AL.

                    Defendants.
_____/

OPINION AND ORDER:
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYMENT OF FEES OR COSTS (ECF No. 2);
(2) DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) (ECF
No. 1); AND (3) DENYING PLAINTIFF'S
REQUEST FOR SERVICE BY U.S. MARSHAL AS MOOT (ECF No. 3)

       The matter now before the Court is Plaintiff Codus J. McKarr's "Application to

proceed in District Court without Prepayment of Fees or Costs" and Request for Service

by U.S. Marshal.  (ECF Nos. 2, 3).  For the reasons that follow, the Court will GRANT

Plaintiff's Application to Proceed without Prepayment of Fees or Costs but will dismiss

the Complaint, *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) for failing to set forth a

claim upon which relief can be granted.  The Court further DENIES Plaintiff's request for

service by U.S. Marshal as MOOT.

       Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil

action without the prepayment of fees or costs if the applicant submits an affidavit

demonstrating that he or she is "unable to pay such fees or give security therefor."  In the

instant action, Plaintiff has supplied an affidavit which provides that his take home wages

are $300.00 biweekly, he has no savings or any other sources of income, and he is also

responsible for monthly car payments and a student loan. (ECF No. 2).  Based on this

information the Court will grant Plaintiff's Application to Proceed without Prepayment of

Fees or Costs.

However, the Court is also required under 28 U.S.C. § 1915 to dismiss a complaint

filed without prepayment of fees that fails to state a claim upon which relief can be

granted. 28 U.S.C. § 1915(e)(2)(B)(ii).  The United States Court of Appeals for the Sixth

Circuit has explained:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the
> screening process required by § 1915A.  However, the district court must
> still screen the complaint under § 1915(e)(2). ... Section 1915(e)(2) provides
> us with the ability to screen these, as well as prisoner cases that satisfy the
> requirements of the section.  The screening must occur even before process
> is served or the individual has had an opportunity to amend the complaint.
> The complaint must be dismissed if it falls within the requirements of §
> 1915(e)(2) when filed.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (overruled on other grounds

by *Jones v. Bock*, 549 U.S. 199 (2007)).

Federal Rule of Civil Procedure provides that a pleading must include "a short and

plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8(a)(2).  The Court also accepts all well-pleaded allegations as true when considering

whether to dismiss a complaint for failure to state a claim.  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). However, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level...."  *Id.* (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) because the language "tracks the language" in Fed. R. Civ. P. 12(b)(6)).  While a complaint need not have "detailed factual allegations," it must have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court is mindful that a *pro se* litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, a plaintiff must provide more than just bare assertions of legal conclusions.  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988)).  While specific facts are not necessary, the complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (quoting *Twomby*, 550 U.S. at 555).

In the present action, Plaintiff alleges that he lives in Detroit Public Housing and the management company for his building, Defendant Formidale Management, ostensibly through its employees Defendants Angelia Hooks (property manager) and Monica Williams (associate manager), failed to investigate or evict his neighbor, Defendant Kathy Ingram, for drug use.  Plaintiff claims that all residents of the building agree not to use drugs but that he can smell Defendant Ingram's use of drugs from in his own apartment.  Plaintiff has complained to Defendant Formidale in writing but no action has been taken.  Plaintiff asserts that Defendant Ingram should have been evicted for the drug use as well as for stealing his laptop, three leather jackets, bed, stereo, portable radio and all of his dishes.  Plaintiff requests that the "Court hold Formindale Management responsible because their policies w[ere] not implemented".  Plaintiff appears to indicate that his claim is one implicating property damage.  (*See*, civil cover sheet).

While the Court does not discount Plaintiff's displeasure and unhappiness in the alleged circumstances he is living in, Plaintiff's allegations do not set forth a claim upon which relief can be granted even when liberally construed.  The federal district court is a court of limited jurisdiction.  Therefore, this court is only empowered to hear cases that are defined within Article III, § 2, cl. 1 of the Constitution or that have been entrusted to this court through a jurisdictional grant of Congress.  *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982).  Plaintiff indicated on his civil cover sheet that both he and the individual defendants are citizens of Michigan, and therefore diversity jurisdiction will not lie.  *See* 28 U.S.C. § 1332.  Plaintiff has also

4

not sued the United States.  *See* 28 U.S.C. § 1346.  Accordingly, it appears from both

Plaintiff's civil cover sheet, as well as simple deduction, that Plaintiff is attempting to

assert a federal cause of action.  *See* 28 U.S.C. § 1331.

Yet, Plaintiff has not alluded to, nor can this Court ascertain, any federal cause of

action implicated by the failure of Defendants Formidale, Hooks, or Williams to enforce

its policies against Defendant Ingram or respond to his written complaints regarding

Defendant Ingram.  Defendant Ingram's alleged actions of violating the building's no

drug policy and stealing Plaintiff's property likewise do not give rise to any federal civil

cause of action.

For all these reasons, the Court will GRANT Plaintiff's Application to Proceed

without Prepayment of Fees or Costs (ECF No. 2); DISMISS Plaintiff's Complaint

pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 1); and DENY AS MOOT Plaintiff's

request for service by the U.S. Marshal (ECF No. 3).

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 25, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or
party of record herein by electronic means or first class U.S. mail on August 25, 2015.

s/Deborah Tofil
Case Manager